***NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-13-0002551
25-FEB-2016
03:07 PM

SCWC-13-0002551

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

BRANDON HAYATA,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0002551; FC-CR NO. 11-1-1992)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna,
Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Brandon Hayata seeks

review of the Intermediate Court of Appeals's (ICA) August 31,

2015 Judgment on Appeal filed pursuant to its June 15, 2015

Summary Disposition Order. The ICA affirmed the Family Court of

the First Circuit's Judgment of Conviction and Sentence. The

family court adjudged Hayata guilty of violating an order of

protection, in violation of Hawaiʻi Revised Statutes (HRS) § 586-11 (Supp. 2012).[1]  We accepted Hayata's application for writ of certiorari and now vacate the ICA's Judgment on Appeal and the family court's judgment, and remand the case to the family court to decide whether to dismiss Hayata's conviction with or without prejudice.

After being arrested on September 17, 2012, Hayata appeared several times before Judge Jeannette Castagnetti.  The start date of Hayata's trial was continued numerous times due to court congestion.  When Hayata appeared for a calendar call on February 11, 2013, Judge Castagnetti was ill and could not proceed with trial, which led to an additional one-month continuance.  On July 15, 2013, the day before trial began, Hayata made an oral motion to dismiss for violation of Hawaiʻi Rules of Penal Procedure (HRPP) Rule 48, which requires dismissal if trial is not commenced within six months of the defendant's arrest.[2]  Hayata argued that the one-month delay due to Judge

---

[1]     HRS § 586-11 provides in relevant part:  "Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor."

[2]     HRPP Rule 48 ("Dismissal") provides, in relevant part:

      **(b) By Court.**  Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge,

                                        (continued...)

Castagnetti's illness did not meet the Rule 48 criteria for excludable periods of time.  The family court denied his motion,[3] finding that Judge Castagnetti's one-month absence due to illness constituted "good cause" and should thus be excluded from computing the time for trial to commence.  Based on this finding, the family court concluded that Hayata's Rule 48 period would not expire until July 17, 2013.  Hayata was subsequently convicted of violating the protection order and sentenced to two years' probation.

On certiorari, Hayata contends that the ICA erred in affirming the family court's judgment because the family court made no findings "establishing that Judge Castagnetti or any other family circuit court judge exercised due diligence to accommodate Hayata's trial" or "any findings that an attempt was made to secure a replacement judge or to transfer the case to

---

[2](...continued)
       with or without prejudice in its discretion, if trial
       is not commenced within six months:

           . . . .

               **c) Excluded Periods.**  The following periods
       shall be excluded in computing the time for trial
       commencement:

           . . . .

           (8) other periods of delay for good cause.

   [3]    The Honorable Dean E. Ochiai presided over the hearing on the motion, as well as subsequent proceedings in the case.

another courtroom in order to safeguard Hayata's rights under HRPP Rule 48."

In State v. Abregano, No. SCWC-13-0000401, 2015 WL 8556221, at *7 (Haw. Dec. 11, 2015), we held that "although a trial judge's illness may constitute good cause for some period of delay, under the circumstances of this case, where there is an absence in the record of any attempt to find a replacement judge or reassign Abregano's case, there was no good cause to exclude a four-week period." (Emphasis in original). Applying those principles here, where the record similarly lacks a basis to support a finding that there were no replacement judges available, the family court's ruling in the instant case that Judge Castagnetti's illness constituted "good cause" was in error, and the ICA erred by concluding that the family court properly denied Hayata's motion to dismiss pursuant to HRPP Rule 48. Accordingly, Hayata's conviction must be vacated.

IT IS HEREBY ORDERED that the ICA's August 31, 2015 Judgment on Appeal affirming the family court's July 17, 2013 Judgment of Conviction and Sentence is vacated. As in Abregano,

4

we remand the case to the family court to decide whether to dismiss Hayata's conviction with or without prejudice.

DATED: Honolulu, Hawaiʻi, February 25, 2016.

| | |
|---|---|
| Walter J. Rodby<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Stephen K. Tsushima<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

